**DEJA VU–EVERETT–FEDERAL WAY, INC., a Washington Corporation, Plaintiff—Appellant,**

v.

**CITY OF FEDERAL WAY, Defendant—Appellee.**

No. 01–35533.

D.C. No. CV–00–01217–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2002.*

Decided Aug. 20, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM **

Deja Vu–Everett–Federal Way, Inc. ("Deja Vu") operated an adult cabaret in the City of Federal Way, Washington ("Federal Way"). In 1999, Federal Way enacted a zoning ordinance regulating

adult uses, which rendered Deja Vu's business a non-conforming use. This would require Deja Vu to shut down, change, or move its operation. Deja Vu sued Federal Way for violations of constitutional rights. The district court rejected Deja Vu's claims, and Deja Vu appeals the district court's grant of summary judgment in favor of Federal Way.

■ Deja Vu first claims that the 1999 regulations violated its First Amendment rights because Federal Way had not shown that the then-existing zoning regulations had proven ineffective at curbing the secondary effects of adult uses. The Supreme Court has granted flexibility to city governments to protect their communities from the secondary effects of protected adult speech. *See, e.g., City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). City governments may safely rely on the experiences and studies of other cities when regulating adult uses. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 296–97, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). Nonetheless, Deja Vu argues this principle is inapplicable because here Federal Way was modifying existing regulations, not initiating regulations. Deja Vu argues that to modify regulations, a city should be required to conduct its own study to show why the existing regulations need to be modified.

We find no support for Deja Vu's argument and conclude that under the Supreme Court's precedents, the asserted distinction makes no difference. In the most recent Supreme Court opinion on the subject, the City of Los Angeles was allowed to modify existing regulations by relying on the same study on which the city relied when enacting the original regu-

lations. *See City of Los Angeles v. Alameda Books,* —— U.S. ——, ——, 122 S.Ct. 1728, 1731, 152 L.Ed.2d 670 (2002) (plurality opinion).

The 1999 regulations are properly considered a "content neutral" time, place, and manner restriction on protected speech. *See Alameda Books,* —— U.S. at ——, 122 S.Ct. at 1741 (Kennedy, J., concurring). The regulations were based on the studies, experiences, and police records of many cities. The evidence relied on by Federal Way was "reasonably believed to be relevant to the problem that the city addresse[d]." *Renton,* 475 U.S. at 51–52. The regulations were thus "narrowly tailored" to serve a significant government interest, *Ward v. Rock Against Racism,* 491 U.S. 781, 798–99, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989); *Colacurcio v. City of Kent,* 163 F.3d 545, 551 (9th Cir.1998), and were designed to serve a substantial government interest of reducing crime and lessening other secondary effects of adult uses. *See Alameda Books,* —— U.S. at ——, 122 S.Ct. at 1734 (plurality opinion).

Deja Vu argues that we should apply what it describes as a new test from Justice Kennedy's *Alameda Books* concurrence: whether the city has "advance[d] some basis to show that its regulation has the purpose and effect of suppressing secondary effects, while leaving the quantity and accessibility of speech substantially intact." *Alameda Books,* —— U.S. at ——, 122 S.Ct. at 1742 (Kennedy, J., concurring). Federal Way has satisfied Justice Kennedy's "test," as well as that of the plurality opinion of Justice O'Connor.

▮ Deja Vu next claims that the city's amortization provision acts as a prior restraint on speech, arguing that the provision vests impermissible discretion in a city official as to whether to grant an adult use an extension to the one-year amortization period and as to how long an exten-

sion should be granted. Deja Vu does not challenge the amortization period itself; it challenges the mechanism for extending that period. But the amortization provision provides sufficient guidelines for city officials to decide whether to grant an extension. Underlying Deja Vu's argument is a contention that it has a First Amendment right to conduct adult-oriented business in an area that prohibits such uses, after the city has given Deja Vu a year to relocate or to bring its location into conformance with zoning regulations. This is not a prior restraint against protected speech. No First Amendment interest is implicated in maintaining a nonconforming use if the zoning ordinance is valid.

▮ Finally, Deja Vu argues that the 1999 regulations effect a taking in violation of its Fifth Amendment rights and that the regulations also violate Deja Vu's substantive due process rights under the Fourteenth Amendment. The regulations did not prevent all economically viable uses of Deja Vu's property, and they advanced not just a "legitimate" state interest, but a "significant" one under the First Amendment. *See Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1016, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). Because the regulations pass muster under the First Amendment in light of the substantial and legitimate state interests they advance, we conclude that they are not irrational or arbitrary action in violation of substantive due process.

**AFFIRMED.**